IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,395-01






EX PARTE DOUGLAS ROSE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,389 IN THE 12TH DISTRICT COURT


FROM WALKER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
deadly weapon in a penal institution and sentenced to eight years' imprisonment, which was ordered
to be served consecutively with a sentence for burglary from Hopkins County. 

 Applicant contends that he was not reconsidered for mandatory supervision release at least
twice during the two years following his initial denial of release as required by Tex. Gov't Code
§508.149(b)(2). Applicant also contends that he was denied adequate notice that he would be
considered for release on mandatory supervision by the Texas Board of Pardons and Paroles under
the discretionary mandatory-supervision statute. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall obtain an affidavit from the Office of General Counsel of TDCJ stating:
(1) what offense(s) Applicant is currently serving in TDCJ; (2) whether Applicant was granted
parole in his burglary case from Hopkins County, and if so, what was the date on which that offense
ceased to operate; and (3) if Applicant has ever been considered for mandatory supervision release
for his possession of a weapon case from Walker County, and if so, the dates and results of those
votes. The trial court shall also make findings of fact as to whether Applicant was afforded adequate
notice that he would be considered for release on mandatory supervision by the Texas Board of
Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish